**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **GEARY MILLS, #16878-078** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL CASE NO. 3:16-CV-0053-B-BK** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge. Plaintiff, a federal inmate, filed a *pro se Motion for Return of Property in Accordance with Fed. R. Crim. P. 41(g), [and] Tendered Pursuant to 28 U.S.C. § 1331 or, alternatively, Bivens[1] Action for Damages*. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed in part.[2]

**I. BACKGROUND**

In 2013, Plaintiff was convicted of conspiracy to possess with intent to distribute a controlled substance and possession of a firearm in furtherance of a drug-trafficking crime, and was sentenced to 248 months' imprisonment. *See United States v. Mills*, No. 4:10-CR-065 (E.D. Tex. 2013), *aff'd*, 555 Fed. App'x 381, 382-388 (5th Cir.), *cert. denied*, 135 S. Ct. 140 (2014).

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

[2] When the underlying criminal action has concluded, as here, a motion under FED. R. CRIM. P. 41(g) is properly filed as a civil action for the return of property based on the court's general equity jurisdiction under 28 U.S.C. § 1331. *See Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007) (citing *Taylor v. United States*, 483 F.3d 385, 387 (5th Cir. 2007)); *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000).

In accordance with the jury verdict and after providing written notice to all third parties, the sentencing court  entered a final order forfeiting a firearm (Glock GMBH 19, 9mm caliber pistol, serial number ANM251US), 76 rounds of assorted 9mm ammunition, and $20,207.00 in U.S. currency.  *United States v. Mills*, No. 4:10-CR-065 (E.D. Tex. Sep. 24, 2014), *dismissing appeal for want of jurisdiction*, 620 Fed. App'x 343 (5th Cir. Oct. 23, 2015).

On October 2, 2014, Plaintiff filed in the convicting court a motion for return of seized property, which was subsequently construed as a civil action and dismissed for want of prosecution.  Doc. 3 at 5-7, 9-10; *Mills v. United States*, No. 4:15-CV-0028 (E.D. Tex. 2015). Plaintiff now brings the same action in this Court, claiming the property was seized within the territorial jurisdiction of the Northern District.  Doc. 3 at 1; FED. R. CRIM. P. 41(g) (motion for return of property must be filed in the district where the property was seized).

Specifically, Plaintiff seeks the return of his car, money and personal property (the latter two he alleges were taken from his car), which he claims Drug Enforcement Administration (DEA) Special Agent Paul Maurizio and Plano Police Department detectives seized "under federal authority" during his March 15, 2010 arrest in Dallas, Texas.  Doc. 3 at 2, 12; Doc. 12 at 1, 5.  Plaintiff asserts that the "seized property and monies were taken from him independently of any criminal procedure relating to his conviction" and that "[t]he Government is liable for its agents' actions in destroying . . . or otherwise misappropriating [his] property."[3]  Doc. 3 at 3. He, thus, seeks the "return of the property . . . under Rule 41(g) or monetary damages under *Bivens*."  *Id.*

---

[3] It is unclear from the public records available to the Court whether the property Plaintiff seeks return of was administratively or judicially forfeited outside of his criminal proceedings.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Plaintiff's claims for monetary damages should be summarily dismissed as frivolous and/or for failure to state a claim.[4]

Insofar as Plaintiff's property may have been destroyed, his request to recover monetary damages against the United States fails as a matter of law. The doctrine of sovereign immunity,

---

[4] Contemporaneously with this recommendation, the Court has directed the issuance of process on Plaintiff's claim for return of seized property against the United States.

or governmental immunity, bars the award of monetary damages against the United States in lieu of wrongfully seized property in an action brought under Criminal Procedure Rule 41(g).  *Bailey v. United States*, 508 F.3d 736, 740 (5th Cir. 2007);  citing *Peña v. United States*, 157 F.3d 984, 986 (5th Cir. 1998).

Likewise it is futile for Plaintiff to amend his complaint to seek monetary damages against the government agents who allegedly destroyed his property under either *Bivens* or 42 U.S.C. § 1983.  *See Bailey*, 508 F.3d at 740; *Peña*, 157 F.3d at 986.  Even if Plaintiff were to name a proper individual defendant, his *Bivens* and/or section 1983 claims would be time barred. Plaintiff maintains his property was seized on March 15, 2010, when he was arrested by the Plano Police Department and the DEA.  Doc. 3 at 2-3; Doc. 12 at 1-2.  So the deadline for filing suit was March 15, 2012.  However, January 2, 2016, is the earliest possible date on which Plaintiff's motion for return of seized property can be deemed filed in this case.[5]  Doc. 4 at 1.  As of January 2016, more than five and one-half years had elapsed since the events giving rise to Plaintiff's claims occurred.  *See Spotts v. United States*, 613 F.3d 559, 573 (5th Cir. 2010) (in *Bivens* action the statute of limitations is two years, the limitations period governing personal injuries under Texas law); *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (section 1983 actions in Texas are governed by the two-year personal injury limitations period; court can raise

---

[5] A *pro se* prisoner's section 1983 complaint is deemed filed as soon as the prisoner deposits it into the prison mail system.  *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).  Plaintiff signed the motion for return of seized property filed in this case on January 2, 2016.  Doc. 3 at 3.

affirmative defense of statute of limitations *sua sponte* in *in forma pauperis* actions); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2016).[6]

Moreover, Plaintiff cannot demonstrate that he is entitled to equitable tolling of the limitations period as a result of a "legal disability."  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.001(a) (West 2016) ("a person is under a legal disability if the person is: (1) younger than 18 years of age… or (2) of unsound mind.").  Plaintiff's incarceration does not provide a basis to toll the statute of limitations under Texas law.  *See Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).  Consequently, Plaintiff cannot state a legally cognizable *Bivens* or section 1983 claim stemming from the alleged forfeiture/destruction of his property.  *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (when the allegations "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

### III. CONCLUSION

For the foregoing reasons, it is recommended that Plaintiff's request for monetary damages be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), and that Plaintiff be **DENIED** leave to

---

[6] The six-year statute of limitations applies only to a civil action for return of seized property under Rule 41(g).  *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000) (citing 28 U.S.C. § 2401(a)).

amend the complaint to seek monetary damages against individual defendants under either

*Bivens* or 42 U.S.C. § 1983.

SIGNED this June 16, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE