IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GEARY MILLS, #16878-078,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:16-CV-0053-B-BK |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge. The cause is now before the Court on Defendant's *Motion to Dismiss or, Alternatively, Motion for Summary Judgment*, Doc. 27, and Plaintiff's *Motion for Summary Judgment*, Doc. 36. For the reasons that follow, the Court recommends that Defendant's motion be **GRANTED** and Plaintiff's motion be **DENIED**.

**A.  Procedural History**

In May 2010, Plaintiff was charged by superseding indictment with conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846 and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). *United States v. Brown, et al*, 4:10-CR-65-MAC (E.D. Tex.) ("E.D. Case") at Doc. #97. The superseding indictment specified that Plaintiff would forfeit to the United States all property and proceeds used in connection with the offenses, to wit a Glock Model 19 9mm caliber semiautomatic pistol, 76 rounds of ammunition, three ammunition magazines, and $20,207 in U.S. currency. E.D. Case Doc. #97 at 3.

In January 2012, a jury convicted Plaintiff on both counts and forfeited to the United States Plaintiff's right, title and interest in the pistol, magazines, ammunition, and currency.

E.D. Case Doc. #361 & Doc. #366. On January 18, 2012, the District Court for the Eastern District of Texas entered a *Preliminary Order of Forfeiture* ("*Preliminary Order*") as to Plaintiff's property. E.D. Case Doc. #373. On September 24, 2014, that court entered a *Final Order of Forfeiture* ("*Final Order*"). E.D. Case Doc. #543. Plaintiff appealed the *Final Order*, but the case was dismissed for lack of jurisdiction because his interest in the forfeited property had been resolved by the *Preliminary Order* and, as such, the *Final Order* did not implicate his rights to the property. E.D. Case Doc. #552 & Doc. #590 at 3-4.

Plaintiff, proceeding *pro se*, has now filed a *Motion for Return of Property in Accordance with Fed. R. Crim. P. 41(g), Tendered Pursuant to 28 U.S.C. § 1331 or, alternatively, Bivens Action for Damages*.[1] Doc. 3. He seeks the return of his car and money, as well as other assorted items he alleges were taken from his car. Doc. 3 at 3, 9-10.[2] *Id.* Defendant now moves for dismissal, asserting lack of jurisdiction, or for summary judgment, Doc. 27, and Plaintiff has filed a cross-motion for summary judgment, Doc. 36.

**B. Applicable Law**

---

[1] When the underlying criminal action has concluded, as here, a motion pursuant to FED. R. CRIM. P. 41(g) is treated as a civil action for the return of property based on the court's general equity jurisdiction under 28 U.S.C. § 1331. *See Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007) (citing *Taylor v. United States*, 483 F.3d 385, 387 (5th Cir. 2007)).

[2] Alternatively, Plaintiff requested an award of monetary damages under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In June 2016, the Court entered a judgment dismissing Plaintiff's *Bivens* claim and request for damages with prejudice because (1) the government was entitled to sovereign immunity; and (2) his suit against federal agents was untimely because Plaintiff filed his motion nearly four years after the statute of limitations had run. Doc. 13; Doc. 19. Accordingly, the *Bivens* claim will not be discussed further.

Although Defendant's motion to dismiss invokes, in part, Rule 12(b) of the Federal Rules of Civil Procedure, the motion may be properly treated as a motion for summary judgment. *See Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000) (stating that the district court's denial of a plaintiff's motion for return of property is treated as a grant of summary judgment in favor of the government). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal quotes omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (citation omitted).

### C. Parties' Arguments

In its summary judgment motion, Defendant asserts that, incident to Plaintiff's arrest, federal agents seized (1) a loaded Glock 9mm handgun; (2) two additional magazines containing ammunition; (3) a blue and black backpack and other personal items; and (4) $20,207 in U.S. currency. Doc. 27 at 2, 4; Doc. 28 at 5 (affidavit of Daniel Rutledge, special agent for the DEA). Defendant avers that federal agents did not seize Plaintiff's car or inventory its contents, and no other property was seized from Plaintiff by federal agents. Doc 27 at 2; Doc. 28 at 4. Defendant

states that the handgun, magazines, and ammunition were destroyed in January 2015. Doc. 28 at 5.

Plaintiff filed a cross-motion for summary judgment together with his opposition to Defendant's summary judgment motion. Doc. 36. He contends that Defendant failed to correctly seek forfeiture of the property at his sentencing. Doc. 36 at 2-3, 8. Additionally, he asserts that the Plano task force officers who assisted with his arrest were acting outside their jurisdiction, tainting the seizure of his property. Doc. 36 at 3-4.

**D. Analysis**

Although not addressed directly by Defendant's brief, the most obvious question before the Court is whether it should dismiss Plaintiff's case based on the collateral estoppel doctrine. The general principle of collateral estoppel is that "a fact decided in an earlier suit is conclusively established between . . . (the) parties and their privies, provided it was necessary to the result in the first suit." *Brazzell v. Adams*, 493 F.2d 489, 490 (5th Cir. 1974) (quoting *Tomlinson v. Lefkowitz*, (5th Cir. 1964)). The elements required to establish collateral estoppel are (1) the issue at stake is identical to the issue involved in the prior case; (2) the issue was, in fact, litigated in the prior case; and (3) the determination of the issue in the first case was a critical and necessary part of that judgment. *Wehling v. Columbia Broadcasting Sys.*, 721 F.2d 506, 508 (5th Cir. 1983). Collateral estoppel serves the "dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).

Collateral estoppel often applies where, as here, a civil suit follows a defendant's criminal conviction. *Young & Co. v. Shea*, 397 F.2d 185, 187 (5th Cir. 1968); *see Tomlinson v. Lefkowitz*, 334 F.2d 262, 264 (5th Cir. 1964) ("[A]n issue resolved in favor of the United States in a criminal prosecution may not be contested by the same defendants in a civil suit brought by the Government."). In short, if the same fact question was clearly decided in the prior case between the same parties and the finding was material to the earlier ruling, collateral estoppel applies. *Young*, 397 F.2d at 187.

Here, we have a criminal case and a civil case, and they are both bound by the order entered in the criminal appeal dismissing Plaintiff's appeal for lack of jurisdiction because the *Final Order* did not implicate his rights to the property. Doc. #590 at 3-4. *See* Attachment A (judgment of the Circuit Court in *United States v. Mills*, No. 14-41128). Once the appellate court decided that issue of law, it may not be reexamined by the presiding district judge. *Tomlinson*, 334 F.2d at 264. Accordingly, based on the collateral order doctrine, Defendant is entitled to summary judgment.

### E. Conclusion

For the reasons stated, the undersigned recommends that Defendant's *Motion to Dismiss or, Alternatively, Motion for Summary Judgment*, [Doc. 27](), be **GRANTED** and Plaintiff's *Motion for Summary Judgment*, [Doc. 36](), be **DENIED**.

**SIGNED** February 10, 2017

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

Case: 14-41128    Document: 00513244875    Page: 1    Date Filed: 10/23/2015
Case 4:10-cr-00065-MAC-KPJ    Document 590    Filed 10/23/15    Page 1 of 5 PageID #: 3557
Case 3:16-cv-00053-B-BK    Document 45    Filed 02/10/17    Page 8 of 12    PageID 343

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 14-41128
Summary Calendar
_____

D.C. Docket No. 4:10-CR-65-8

United States Court of Appeals
Fifth Circuit
**FILED**
October 23, 2015
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

GEARY MOHAMMED MILLS,

    Defendant - Appellant

Appeal from the United States District Court for the
Eastern District of Texas, Sherman

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the appeal is dismissed for lack of jurisdiction.



**Certified as a true copy and issued as the mandate on Oct 23, 2015**

Attest:  *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

Case: 14-41128   Document: 00513244876   Page: 1   Date Filed: 10/23/2015
Case 4:10-cr-00065-MAC-KPJ   Document 590   Filed 10/23/15   Page 2 of 5 PageID #: 3558
Case 3:16-cv-00053-B-BK   Document 45   Filed 02/10/17   Page 9 of 12   PageID 344

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit
**FILED**
October 23, 2015
Lyle W. Cayce
Clerk

No. 14-41128
Summary Calendar

UNITED STATES OF AMERICA,

           Plaintiff–Appellee,

versus

GEARY MOHAMMED MILLS,

           Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-65-8

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:*

    Geary Mills was convicted of conspiracy to possess with intent to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 14-41128   Document: 00513244876   Page: 2   Date Filed: 10/23/2015
Case 4:10-cr-00065-MAC-KPJ   Document 590   Filed 10/23/15   Page 3 of 5 PageID #: 3559
Case 3:16-cv-00053-B-BK   Document 45   Filed 02/10/17   Page 10 of 12   PageID 345

No. 14-41128

distribute a controlled substance and possession of a firearm in furtherance of a drug-trafficking crime, and we affirmed those convictions. *See United States v. Mills*, 555 F. App'x 381, 382–88 (5th Cir.), *cert. denied*, 135 S. Ct. 140 (2014). The district court entered a final order of forfeiture, which Mills appeals, claiming that the district court lacked subject-matter jurisdiction. The government moves to dismiss Mills's appeal or for summary affirmance or, alternatively, for an extension of time to file its brief.

This court must examine the basis of its jurisdiction, *sua sponte* if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). "Federal courts have no jurisdiction under Article III § 2 of the Constitution unless a case or controversy is presented by a party with standing to litigate." *Nevares v. San Marcos Consol. Indep. Sch. Dist.*, 111 F.3d 25, 26 (5th Cir. 1997). As a general matter, a party who is not aggrieved by a judgment does not have standing to appeal it. *See Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 603 (5th Cir. 2004).

"A preliminary order of forfeiture is a final judgment as to the rights of a defendant to forfeited property. In contrast, a final order of forfeiture determines the rights of third parties with respect to property a defendant has forfeited." *United States v. de los Santos*, 260 F.3d 446, 448 (5th Cir. 2001). A preliminary order of forfeiture becomes final as to the defendant "[a]t sentencing," or it can become final before sentencing with the defendant's consent. FED. R. CRIM. P. 32.2(b)(4)(A); *see United States v. Stone*, 435 F. App'x 320, 321–22 (5th Cir. 2011).

Mills's interest in the forfeited property was resolved by the preliminary order of forfeiture, which became final as to him at sentencing. FED. R. CRIM. P. 32.2(b)(4)(A); d*e los Santos*, 260 F.3d at 448. Consequently, he no longer had any interest in the property when the court entered the final order of

Case: 14-41128 Document: 00513244876 Page: 3 Date Filed: 10/23/2015
Case 4:10-cr-00065-MAC-KPJ Document 590 Filed 10/23/15 Page 4 of 5 PageID #: 3560
Case 3:16-cv-00053-B-BK Document 45 Filed 02/10/17 Page 11 of 12 PageID 346

No. 14-41128

forfeiture. *See Stone*, 435 F. App'x at 321–22; *see also United States v. Petrie*, 302 F.3d 1280, 1284 (11th Cir. 2002) (noting that "all post-sentencing activities authorized by Rule 32.2 concern third-party interests"). Because the order did not implicate Mills's rights to the property, he lacks standing to appeal. *See de los Santos*, 260 F.3d at 448. Mills makes some assertions that could be liberally construed as a challenge to the preliminary forfeiture order, but we do not consider them, because they were not raised in his opening brief. *See Morin v. Moore*, 309 F.3d 316, 328 (5th Cir. 2002).

Accordingly, the motion to dismiss the appeal for want of jurisdiction is GRANTED, and the appeal is DISMISSED. The government's alternate motions for summary affirmance or for an extension of time to file its brief are DENIED as moot.

Case: 14-41128    Document: 00513244894    Page: 1    Date Filed: 10/23/2015
Case 4:10-cr-00065-MAC-KPJ   Document 590   Filed 10/23/15   Page 5 of 5 PageID #: 3561
Case 3:16-cv-00053-B-BK   Document 45   Filed 02/10/17   Page 12 of 12   PageID 347

## *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

October 23, 2015

Mr. David O'Toole
Eastern District of Texas, Sherman
101 E. Pecan Street
Federal Building
Room 216
Sherman, TX 75090-0000

    No. 14-41128    USA v. Geary Mills
                       USDC No. 4:10-CR-65-8

Dear Mr. O'Toole,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                          Sincerely,

                          LYLE W. CAYCE, Clerk

                          By: _____
                          Rhonda M. Flowers, Deputy Clerk

cc:
    Mr. Ernest Gonzalez
    Ms. Traci Lynne Kenner
    Mr. Geary Mohammed Mills