IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GEARY MILLS, #16878-078,    §<br>         PLAINTIFF,    §<br>                           §<br>v.                         §<br>                           §<br>UNITED STATES OF AMERICA,  §<br>         DEFENDANT.        § | <br><br><br>CIVIL CASE NO. 3:16-CV-053-B-BK<br><br><br> |

SUPPLEMENTAL FINDINGS ON REMAND
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and District Judge Jane Boyle's referral, Doc. 69, this case is now before the undersigned United States magistrate judge, following the remand of the United States Court of Appeals for the Fifth Circuit, Doc. 63, for additional findings of fact. After further review of the record, the Court's findings are set forth below.

   A. **Procedural History**

In May 2010, Plaintiff was charged by superseding indictment with conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846 and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). *United States v. Brown, et al*, 4:10-CR-65-MAC (E.D. Tex.) ("E.D. Case") at Doc. #97. The superseding indictment specified that Plaintiff would forfeit to the United States all property and proceeds used in connection with the offenses, to wit a Glock Model 19 9 mm caliber semiautomatic pistol, 76 rounds of ammunition, three ammunition magazines, and $20,207.00 in U.S. currency. E.D. Case Doc. #97 at 3.

In January 2012, a jury convicted Plaintiff on both counts and forfeited to the United States Plaintiff's right, title and interest in the pistol, magazines, ammunition, and currency.

E.D. Case Doc. #361 & Doc. #366.  On January 18, 2012, the District Court for the Eastern District of Texas entered a *Preliminary Order of Forfeiture* ("*Preliminary Order*") as to Plaintiff's property.  E.D. Case Doc. #373.  On September 24, 2014, that court entered a *Final Order of Forfeiture* ("*Final Order*").  E.D. Case Doc. #543.  Plaintiff appealed the *Final Order*, but the case was dismissed for lack of jurisdiction because his interest in the forfeited property had been resolved by the *Preliminary Order* and, as such, the *Final Order* did not implicate his rights to the property.  E.D. Case Doc. #552 & Doc. #590 at 3-4.

Plaintiff, proceeding *pro se*, then filed the motion that is the subject of this case: *Motion for Return of Property in Accordance with Fed. R. Crim. P. 41(g), Tendered Pursuant to 28 U.S.C. § 1331* (the "Rule 41 motion").¹  Doc. 3.  He sought the return of 31 items, including, *inter alia*, (1) a car; (2) $9,450.00 in cash; (3) a phone; (4) a wrist watch; (5) plane tickets; (6) various gun accessories and ammunition; (7) clothing; and (8) various tools.  Doc. 3 at 3, 9-10.  The parties filed cross-motions for summary judgment.  Doc. 27; Doc. 36.

The Court granted Defendant's motion for summary judgment based on the doctrine of collateral estoppel, finding that both Plaintiff's civil and criminal cases were bound by the order of the Court of Appeals for the Fifth Circuit dismissing Plaintiff's appeal for lack of jurisdiction.  Doc. 45 at 5; Doc. 48.

On appeal, the Circuit Court determined that Plaintiff's Rule 41 motion might well have sought the return of some property that the *Final Order* did not cover.  Doc. 63 at 2-3.  Accordingly, the Circuit Court remanded the case so that this Court could determine (1) whether

---

¹ The Court previously dismissed Plaintiff's *Bivens* claim and claim for monetary damages, Doc. 13 & Doc. 19, and since neither is within the scope of the appellate court's remand order, they are not discussed here.

2

the property Plaintiff sought was seized by federal, rather than state or local, agents; (2) which of the property Plaintiff sought was subject to the *Final Order*; and (3) the extent to which collateral estoppel foreclosed Plaintiff's request for the return of property not subject to the *Final Order*. Doc. 63.

### B. The Evidence of Record

In its summary judgment motion, Defendant asserted that, incident to Plaintiff's arrest, federal agents (with the assistance of local law enforcement) seized (1) a loaded Glock 9mm handgun; (2) three magazines containing ammunition; (3) a blue and black backpack; (4) three envelopes that previously had contained cash; (4) $20,207.00 in U.S. currency, which was inside the backpack; and (5) 11 counterfeit $20.00 bills. *See* Doc. 28 at 8, 10, 12, 14-16, 27-31, 35, 38-40 (DEA forms containing inventory of items seized). Defendant's supporting appendix indicated that federal agents also seized (1) Plaintiff's two drivers licenses; (2) a social security card; (3) a Bank of America Visa check card; (4) a silver money clip; (5) two earrings with clear stones; (6) a "yellow colored" necklace; (7) two rings with clear stones; and (8) a belt, all of which already had been returned to Plaintiff. Doc. 28 at 18. Defendant averred that federal agents did not seize Plaintiff's car or its other contents and, other than the items listed in the DEA's inventory, it never possessed any of the other cash or personal property that Plaintiff identified in his Rule 41 motion. Doc 27 at 2-3, 6; Doc. 28 at 4 (Declaration of DEA Special Agent Daniel Rutledge).

Plaintiff offered essentially no controverting evidence other than his speculation that "federal actors" staged evidence and have knowledge of the whereabouts of the remainder of his property. Doc. 36 at 5-6, 9-10. While Plaintiff did submit photographs, which he alleges show the "staged evidence" and items, such as a watch, in Defendant's possession, a review of the

3

photographs does not corroborate his allegations. Doc. 36 at 10; *see* Doc. 36 at 26-31 (photographs).

### C. Analysis

As noted above, the Court of Appeals has tasked this Court with determining: (1) whether the property Plaintiff sought was seized by federal agents; (2) which of the property Plaintiff sought was subject to the *Final Order*; and (3) the extent to which collateral estoppel forecloses Plaintiff's request for the return of property not subject thereto. With respect to this Court's prior finding that collateral estoppel barred Plaintiff's claims, that finding is undisturbed as to the property that federal agents demonstrably seized, to wit (1) the loaded Glock 9mm handgun; (2) the three magazines containing ammunition; (3) the blue and black backpack; (4) the three envelopes that previously had contained cash; (4) $20,207.00 in U.S. currency; and (5) the 11 counterfeit $20.00 bills. As to the remaining items that Plaintiff sought by his Rule 41 motion, including a watch, various tools, additional amounts of currency, a phone, sunglasses, clothes, and a car, Defendant's evidence conclusively establishes that federal agents did not seize those items, and the Court so finds. The Court further finds that it lacks authority to order Defendant to return to Plaintiff property that it did and does not possess.[2]

**SO RECOMMENDED** on October 18, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Indeed, Plaintiff suggests that at least some of the items in question were seized and retained by local law enforcement task force officers who were working in tandem with federal agents. *See* Doc. 36 at 3-4.

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).